UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:18-cr-00005(VAB) |
| | : | |
| v. | : | |
| | : | |
| CANDACE RISPOLI | : | MAY 24, 2019 |

## REPLY TO THE GOVERNMENT'S MEMORANDUM
## IN AID OF SENTENCING

The Defendant, Candace Rispoli, respectfully submits this Reply to The Government's Memorandum In Aid of Sentencing in support of her request for a downward departure and non-Guidelines sentence.

The Government suggests that Ms. Rispoli is ineligible for a downward departure based on diminished capacity because her mental illness did not contribute to the commission of the crime since (1) her embezzlement commenced prior to the onset of her mental illness; (2) Dr. Grove's analysis "at best" establishes that "Ms. Rispoli's mental illness allowed her to conduct the fraud without feeling a sense of guilt," not that it compelled her to commit the crime; and (3) her conduct was methodical, purposefully planned and executed over an extended period of time.  These arguments, neither individually nor collectively, preclude this Court from granting a downward departure as requested.  The Government's arguments requests that this Court hold that the diminished mental capacity be the sole cause of the offense, when in fact it need only be a

1

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\28500-28999\28966 Candace Rispoli\001 CR USDC - HFK\Pleadings\2019\ReplyToGovtSentencingMemo.docx

contributing cause.  See Defs. Mem. In Aid of Sentencing and Mot. For Downward Departure at p. 7 (ECF No. 51), citing United States v. Yi Ching Liu, 267 F. sup. 2d 371, 371 (E.D.N.Y. 2003) (stating that a reduced mental capacity "must be a contributing cause of the offense, but need not be the sole cause").

The Government argues that the evidence demonstrates that the embezzlement scheme started prior to the onset of PTSD related to the Boston Marathon Bombing – and that this fact should be dispositive.  See Govt. Mem. at p. 5 (ECF No. 68).  This argument ignores the reality that while Ms. Rispoli had in fact made *de minimis* – albeit unauthorized – charges to the company credit card, as well as opened an unauthorized PayPal account prior to the Boston Marathon Bombing, her conduct did not rise to the level of a "systematic, recurring, and well-concealed" embezzlement scheme as of March 2013.  The Government's evidence supports a finding that the overwhelming number of transactions and amount of money illegally transferred and concealed occurred subsequent to the Boston Marathon Bombing.  The Government minimizes the fact that the PayPal account was opened just one-month prior to the bombing and records indicate only six charges to that account prior to the bombing.  In discovery documents provided to the defense, these six charges were not labeled fraudulent by the company, rather they were labeled "suspect".  These six transactions aside, the transfers of money from this PayPal account to Ms. Rispoli and Mr. Miano's bank accounts – totaling $721,816.00, See Stipulation of Offense Conduct ¶9 (ECF No.

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\28500-28999\28966 Candace Rispoli\001 CR USDC - HFK\Pleadings\2019\ReplyToGovtSentencingMemo.docx

28) – did not occur before August 2013.  Simply because there were some unauthorized transactions prior to Ms. Rispoli's diagnosis does not preclude that diagnosis from "substantially contributing to the commission of the offense", particularly where she had suffered from the reduced mental capacity during 40 out of 41 months in which the offense was occurring.

The Government's reliance on U.S. v. Valdez, 426 F.3d 178 (2d Cir. 2005) is misplaced as the facts and circumstances are distinguishable from the present case.  While the offenses in Valdez and the present matter occurred over an approximately three-year period, this is where the similarities end.  The defendant in Valdez was charged with defrauding the AT & T telephone company of over $200,000.00 in long distance telephone services.  Id. at 180-81.  This offense required the defendant to call AT & T "to retrieve calling card numbers, pin numbers, and passwords for names randomly taken from the phonebook."  Id. at 181.  Valdez tested the validity of the cards by calling two different unsubscribed numbers approximately 5,300 times.  These calling cards allowed Valdez to place and sell thousands of domestic and international calls.  Id.  In some recorded calls, Valdez opened numerous accounts during a single call "by offering false explanations for his actions including posing as a building owner attempting to obtain numbers on behalf of his 'tenants.'"  Id.  He also "sometimes requested special access to certain countries as a means of overcoming AT & T's default prohibition on calling card calls to those countries due to numerous incidents of fraud associated with such calls."  Id.  Valdez was observed by Secret

3

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\28500-28999\28966 Candace Rispoli\001 CR USDC - HFK\Pleadings\2019\ReplyToGovtSentencingMemo.docx

Service agents making these calls to open calling card accounts and, on some occasions, they saw him holding pieces of paper with numerous names and addresses on them.  Id.  In support of his diminished capacity departure request, Valdez relied upon his low IQ, documented learning disabilities, dependence on others, and diagnosis of brain damage with severe emotional disturbance, panic disorder and agoraphobia.  Id. at 181-82.  In rejecting the request for a downward departure, the district court said it could not find Valdez's impairment was severe:

> [I]n light of the psychiatrist's testimony, Valdez's extensive involvement in the fraud, and defendant's ability to process complex information. Specifically, the district court relied on the fact that Valdez manipulated others by posing as another person, committed the offense for which he was charged over 1,000 times, and in order to do that kept track of hundreds of calling card numbers.

Id. at 185.

Valdez involved contacting AT & T on separate occasions, using the real names of numerous people, keeping track of and the receipt of hundreds of different calling card numbers and pin numbers, making over 5,000 test calls, and then selling those cards.  While Valdez shows a "methodically and purposefully planned and executed" scheme that the Government contends Ms. Rispoli engaged in, See Govt. Mem. In Aid of Sent. at p. 6, the facts of Ms. Rispoli's case do not corroborate this claim.  While Ms. Rispoli engaged in multiple separate transactions, she used the same AMEX card for personal purchases and/or the transfer of the money to two different bank accounts.  The Government rejects Ms. Rispoli's claim that "her PTSD resulted in a 'detachment'

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\28500-28999\28966 Candace Rispoli\001 CR USDC - HFK\Pleadings\2019\ReplyToGovtSentencingMemo.docx

from her 'computerized transactions' that made them seem 'unreal' [because] her scheme was not simply a matter of pushing a few buttons, but was methodically and purposefully planned and executed." Id.  This ignores the reality that the PayPal and Venmo transactions only took the push of a few buttons on a computer to complete.  They did not require her to keep track of hundreds of names, different card numbers and pin numbers, nor did it require her to make over 5,000 test calls and sell the cards.  That Ms. Rispoli had to choose to use the card for each transaction does not mean her diminished mental capacity could not substantially contribute to her doing so where it was in fact as easy as pushing a few buttons.

Finally, the Government's contention that Ms. Rispoli is not eligible for a downward departure because Dr. Grove's conclusions "[a]t best [] establish that Rispoli's mental illness allowed her to conduct the fraud without feeling a sense of guilt", Id., actually supports the contention that she could not "control behavior that [she] knows is wrongful" as is required for a downward departure for diminished capacity.  There being no violence/physical harm to the company or its' employees during the commission of the offense – and aside from an individual being a Saint – at a minimum, guilt is a strong deterrence from committing offenses such as this.  Although some people may inherently feel no guilty when committing offenses, Ms. Rispoli's detachment and derealization is attributable to her PTSD.

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\28500-28999\28966 Candace Rispoli\001 CR USDC - HFK\Pleadings\2019\ReplyToGovtSentencingMemo.docx

For all the reasons set forth above and in her original <u>Memorandum In Aid of Sentencing and Motion For Downward Departure</u>, Ms. Rispoli respectfully requests the Court grant a downward departure based upon her diminished capacity.

/s/  Hugh F. Keefe
HUGH F. KEEFE, ESQ. ct05106
Hkeefe@ltke.com
MATTHEW D. POPILOWSKI, ESQ. ct28869
mpopilowski@ltke.com
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
New Haven, CT 06510
Tel. 203-787-0275
Fax.203-782-0278

**CERTIFICATION OF SERVICE**

I hereby certify that on MAY 24, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to receive electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Hugh F. Keefe
HUGH F. KEEFE, ESQ. ct05106

Lynch, Traub, Keefe & Errante, P.C. ● 52 Trumbull Street, P.O. Box 1612 ● New Haven, Connecticut 06506-1612
Phone: (203) 787-0275 ● Fax: (203) 782-0278 ● E-Mail: Lawyers@LTKE.com ● Website: www.LTKE.com

W:\28500-28999\28966 Candace Rispoli\001 CR USDC - HFK\Pleadings\2019\ReplyToGovtSentencingMemo.docx